UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-184-H

CAROL DALENKO,

    Plaintiff,

v.

NEWS AND OBSERVER PUBLISHING
COMPANY, d/b/a/ The News &
Observer, ORAGE QUARLES III,
President & Publisher, by and
through: H. HUGH STEVENS, JR.
d/b/a/ Everett, Gaskins,
Hancock & Stevens, LLP,

    Defendants.

ORDER

This matter is before the court on plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order ("TRO") filed May 14, 2010. In her complaint, filed on May 5, 2010 [DE #1], plaintiff alleges that on September 29, 2009, defendant News and Observer Publishing Company ("N&O"), by and through its attorney defendant H. Hugh Stevens, Jr. acting under the direction of defendant Orage Quarles, and in concert with state court judges acting under color of law, obtained a default judgment against plaintiff for $98,260.40 for N&O's attorney fees in a state action, in violation of Dalenko's "due process" rights guaranteed under the Fourteenth Amendment. Plaintiff further complains that defendants initiated contempt

proceedings against her, causing her to be imprisoned and thereby obstructing her "access to the court" and her "equal rights under the law" in violation of her First, Fifth and Fourteenth Amendment rights.

Plaintiff seeks a TRO prohibiting the Wake County Clerk of Court from disbursing funds to defendants which are being held in satisfaction of the default judgment entered September 29, 2009 for N&O's attorney fees in the state action.[1] According to plaintiff's motion, these funds are scheduled to be released on Monday, May 17, 2010, pursuant to the Clerk's notice dated May 5, 2010 that the funds had been received, subject to a 10-day hold. Plaintiff argues that the default judgment shocks the public conscience because although it appears valid on its face, as alleged in the Complaint, it is void because it "deprives the plaintiff of her property rights under 'color of law' without 'due process' and 'equal rights under the law' in violation of her First, Fifth, and Fourteenth Amendment rights of the U.S. Constitution."

Plaintiff contends that an emergency, ex parte TRO is necessary because disbursal of the $98,260.40 will result in imminent and irreparable damage to plaintiff's property rights and there is insufficient time to allow notice and response by the defendants.

---

[1] Prior to the initiation of this action, the Wake County Sheriff apparently executed upon the judgment by selling certain real property owned by plaintiff. It is the proceeds from the execution sale that are the subject of the motion presently before this court.

2

She also argues that the defendants will not be prejudiced by the TRO because the funds will remain secure pending a determination of the parties' rights.

## COURT'S DISCUSSION

Injunctive relief is "an extraordinary remedy involving the exercise of very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief,'" Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987)), "'pay[ing] particular regard for the public consequences in employing the extraordinary remedy of injunction,'" Id. at 376-77 (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)).

A plaintiff seeking preliminary injunctive relief bears the burden of establishing:

    (1) that she is likely to succeed on the merits;

    (2) that she is likely to suffer irreparable harm in the absence of preliminary relief;

    (3) that the balance of equities tips in her favor; and

3

(4) that an injunction is in the public interest. Winter, 129 S. Ct. at 374. Additionally, Rule 65(b) of the Federal Rules of Civil Procedure authorizes injunctive relief without written or oral notice to the defendants only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).

Plaintiff's motion for injunctive relief does not meet the exacting standard of Winter and Rule 65. The court concludes that plaintiff has failed to establish that she will suffer immediate and irreparable harm if temporary injunctive relief is not granted. Plaintiff's property has already been sold to satisfy the judgment in this matter. Plaintiff merely seeks to prohibit disbursement of the sale proceeds, i.e., legal tender, to defendants in satisfaction of the judgment. Any harm that may be occasioned by the disbursements of the funds is not irreparable because it may be redressible by a judgment for money damages. See Hughes Network Sys., Inc. v. Interdigital Communications Corp., 17 F.3d 691, 694 (4th Cir.1994) (harm not irreparable if it can be compensated by money damages during the normal course of litigation.) Therefore, this is not a case which meets the requirements for any type of preliminary injunction, especially an ex parte TRO.

4

Plaintiff has also failed to meet her burden of establishing the remaining three factors. Although plaintiff's memorandum in support of her motion for a TRO notes that "[t]he complaint speaks for itself," the court finds that plaintiff has not shown a likelihood of success on the merits.[2] Plaintiff is also unable to show that the balance of equities tips in her favor or that an injunction is in the public interest. Even granting plaintiff's motion the liberal construction generally afforded *pro se* litigants, the court determines that plaintiff has not shown that this action presents the limited circumstances under which temporary or preliminary injunctive relief would be warranted.

## CONCLUSION

For the reasons stated above, plaintiff's Emergency Ex Parte Motion for a Temporary Restraining Order [DE #5] is hereby DENIED.

This 17th day of May 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26

---

[2] The court notes that the lower federal court are generally prohibited from reviewing state-court judgments by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The court need not decide whether Rooker-Feldman would prevent issuance of a TRO in this case because plaintiff has not shown that she is likely to succeed on the merits of her claim.